OPINION
{¶ 1} Defendant, Anthony Williams, appeals from his conviction and sentence for sexual battery and his designation as a sexual predator.
 {¶ 2} Defendant hosted a party at his home during which he engaged in sexual conduct with a seventeen year old female whom he knew was highly intoxicated and almost incoherent. As a result, Defendant was indicted on three counts of Sexual Battery, R.C. 2907.03(A)(2), and three counts of Rape, R.C. 2907.02(A)(1)(c). Pursuant to a negotiated plea agreement, Defendant entered no contest pleas to the three sexual battery charges. In exchange, the State dismissed the three rape charges. The trial court found Defendant guilty and sentenced him to five years of community control sanctions. The court also designated Defendant a sexual predator.
 {¶ 3} Defendant has timely appealed to this court. He challenges only his classification as a sexual predator.
 {¶ 4} First assignment of error
 {¶ 5} "The trial court erred in finding clear and convincing evidence that appellant is a sexual predator and adjudicating appellant a sexual predator."
 {¶ 6} In order to adjudicate Defendant a sexual predator, the court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3); State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247.
 {¶ 7} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 8} Defendant's conviction for Sexual Battery of which Defendant was convicted, is a sexually oriented offense. R.C. 2950.01 (D)(1)(a). Thus, the only issue before the court was whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 9} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson,,92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion,"Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 10} The statutory guidelines are:
 {¶ 11} "(a) The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender;
 {¶ 18} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 21} The trial court conducted a sexual offender classification hearing as part of the sentencing proceeding in this case. In making its determination concerning Defendant's sexual offender status, the trial court considered the presentence investigation report, and forensic reports submitted by Dr. Susan Perry-Dyer and Dr. Laura Fujimara. In concluding that Defendant should be designated a sexual predator, the trial court discussed the evidence relating to the factors in R.C. 2950.09(B)(2) that it found applicable in this case.
 {¶ 22} In reviewing this record we note that the presentence investigation report recommended both a term of incarceration and a sexual predator designation. Moreover, after reviewing the ten risk factors in R.C. 2950.09(B)(2), Dr. Perry-Dyer concluded in her forensic report that seven of the ten factors, (a), (b), (c), (f), (h), (i) and (j), increase Defendant's risk for recidivism. Two of those, Defendant's prior delinquency adjudication for a sexual offense, (b), and the fact that the two victims in Defendant's prior sexual offense were males, (j), significantly increase his risk for recidivism. Dr. Perry-Dyer also noted that because Defendant's sexual offending behavior involves rape instead of child molestation, he begins with a higher base rate of recidivism.
 {¶ 23} Relying on Dr. Perry-Dyer's report, the trial court found several risk factors which increase Defendant's risk for recidivism. For instance, Defendant's prior juvenile adjudication in 1999 for a sexual offense involving two counts of Gross Sexual Imposition. R.C. 2950.09(B)(2)(b). The court also noted that there was a prior uncharged incident involving sexual conduct between Defendant and his sister. R.C. 2950.09(B)(2)(j). Although Defendant may not have used alcohol to impair his victim in the sense that she brought her own alcohol to the party and voluntarily became intoxicated, the court nevertheless noted that Defendant was aware of the victim's highly intoxicated state and took advantage of that condition in committing his offense. R.C. 2950.09(B)(2)(e), (j). Moreover, although Defendant previously participated in sex offender treatment, he did not successfully complete that treatment and did not benefit from it. Defendant was, in essence, a treatment failure. R.C. 2950.09(B)(2)(f). Finally, the court noted that Defendant exhibits little awareness that his conduct is inappropriate, he continues to deny he did anything wrong and blames the victim, and he refuses to accept responsibility or show remorse. R.C. 2950.09(B)(2)(j).
 {¶ 24} After considering and weighing these factors, the trial court concluded that there exists clear and convincing evidence that Defendant is likely to engage in the future in additional sex offenses, and the court designated him a sexual predator. In our view, there is ample evidence in this record to support that finding.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.